UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 2:17-cr-134-FtM-29MRM

AARON EYERMAN

_____

**OPINION AND ORDER**

This matter came before the Court on defendant's *pro se* Emergency Motion For Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #261) filed on April 27, 2020. Defendant thereafter retained counsel, who requested that the Court hold its ruling in abeyance pending the filing of a motion to reduce sentence by counsel. (Doc. #264). The Court granted that request. (Doc. #265.)

On April 29, 2020, defendant, by and through counsel, filed a Motion to Reduce Sentence Under Title 18 U.S.C. Section 3582(C)(1)(A)(i) and the COVID-19 Pandemic (Doc. #266). The Court directed an expedited response from the government (Doc. #267), and a Response in Opposition (Doc. #268) was filed on May 6, 2020. Defendant filed a Reply (Doc. #269) on May 7, 2020.

For the reasons set forth below, both motions are denied.

**I.**

On September 9, 2019, defendant was sentenced to 70 months imprisonment after a jury convicted him of four fraud counts and eight money laundering counts. Defendant is currently incarcerated at FCI-Jesup, Georgia. Defendant is 38 years old, and has a projected release date of May 22, 2024.

Defendant's *pro se* motion (Doc. #261) seeks a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) so that he may be placed in home confinement for the remainder of his sentence. Defendant asserts that he suffers from chronic lung disease, bronchospasms, asthma, and "additional health problems," and is at a high risk of catching COVID-19 and suffering severe consequences if he does. Recognizing that administrative exhaustion is generally required under 18 U.S.C. § 3582, defendant argues the Court should waive such a requirement in light of the current health crisis in prisons and his medical conditions. Defendant further argues that his particular health situation constitutes an "extraordinary and compelling circumstance" within the meaning of 18 U.S.C. § 3582(c)(1)(A))i), and home confinement would be consistent with Sentencing Commission policy.

Defendant's motion by counsel (Doc. #266) seeks a reduction of sentence to time served, with the balance of his sentence to be served on house arrest. Counsel argues the Court has jurisdiction under the First Step Act to determine whether "extraordinary and

compelling reasons" warrant a sentence reduction. Counsel relies upon 18 U.S.C. § 3582(C)(1)(A)(i) and three Memoranda by the Attorney General addressing the COVID-19 pandemic in prison facilities. Counsel asserts that defendant has exhausted his administrative appeals because the warden of his facility at FCI-Jessup has denied his request for compassionate release. Noting that the First Step Act did not change the substantive criteria, counsel argues that defendant's case establishes extraordinary and compelling reasons for a sentence reduction, which would be consistent with the Sentencing Guidelines policy. Additionally, counsel argues that pursuant to the various Memoranda by the Attorney General "the Court has the authority to exceed the limitations of the First Step Act. . . ." (Doc. #266, p. 7.)

The government sees the case differently. The government asserts that the Court lacks statutory authority to direct the Bureau of Prisons (BOP) to place a defendant on home confinement or house arrest. Even if such authority existed, the government asserts that defendant has failed to exhaust his administrative remedies with the Bureau of Prisons, which is "fatal to his claim." (Doc. #268, p. 2.) If the Court considers defendant's claim, the government asserts that defendant has failed to meet his burden of showing "extraordinary and compelling reasons" for a compassionate release. Finally, the government argues that the motion should

be denied because defendant had engaged in witness harassment and has served only 15% of his sentence.

## II.

**A. Court's Authority to Order Home Confinement/House Arrest**

Defendant requests that the Court order that his sentence be modified to house arrest or home confinement for the remainder of what would otherwise be a prison term. The government argues that the Court has no authority to order the BOP to place any defendant in home confinement/house arrest, since the location of incarceration is a decision left solely to the BOP. 18 U.S.C. § 3621(b).

There seems little doubt that the location of a defendant's place of incarceration is a determination solely for the BOP, not the courts. "The Bureau of Prisons shall designate the place of the prisoner's imprisonment, . . ." 18 U.S.C. § 3621(b). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). To make sure courts got the message, § 3621(b) also provides:

> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. **Notwithstanding any other provision of law, a designation of a place of imprisonment under**

> **this subsection is not reviewable by any court.**

18 U.S.C. § 3621(b)(emphasis added).  If a court cannot order service of a sentence in a community corrections facility, it seems unlikely a court can order home confinement/house arrest as the location where the sentence will be served.  The Court agrees with the United States that defendant's request for home confinement/house arrest falls outside Section 3582(c)'s grant of authority.

This does not end the case, since counsel has requested that the Court reduce the sentence to time served.  (Doc. #266, p. 1.)  This relief does not necessarily involve changing the location of imprisonment, but rather ending the term of imprisonment.

**B. Administrative Exhaustion**

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  A term of imprisonment may be modified only in limited circumstances.  18 U.S.C. § 3582(c). Defendant argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the

>defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Administrative exhaustion is not the Court's to waive, and in this case the United States has not waived or forfeited the administrative exhaustion requirement. As defense counsel recognized, the First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the BOP's denial of compassionate release, but does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief.

While defendant requested compassionate leave from the Warden and received a denial of that request, there is no allegation or showing that defendant appealed the Warden's decision, and therefore no final administrative decision has been rendered. 28 C.F.R. § 571.63(b), (d). Thus, defendant has not exhausted his administrative remedies, and the Court declines to consider the

merits of his motion.  Both motions will be denied, and defendant may file new motion after exhausting his administrative remedies.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Emergency Motion For Modification of Term of Imprisonment Pursuant to (Doc. #261) is **DENIED.**

2. Defendant's Motion to Reduce Sentence Under Title 18 U.S.C. Section 3582(C)(1)(A)(i) and the COVID-19 Pandemic. (Doc. #266) is **DENIED** without prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -